IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DYSHAWN HINES,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-11-2306 |
| v. | : | (Judge Rambo) |
| **H. L. HUFFORD,** | : | |
| Respondent | : | |

FILED
HARRISBURG, PA
APR 1 9 2012
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

# MEMORANDUM

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Dyshawn Hines ("Hines"), an inmate currently incarcerated at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania. Hines is challenging the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. For the reasons that follow, the petition will be denied.

## I. Background

On January 20, 2004, Hines was taken from the primary custody of New Jersey state authorities via a writ of habeas corpus *ad prosequendum* for his initial appearance in the United States District Court for the District of New Jersey, where he was charged with conspiracy to distribute more than 100 grams of heroin. (Doc. 9-1 at 4.) Hines was returned to primary state custody on that same day. (*Id.*)

On January 27, 2004, while Hines was incarcerated in the Hudson County Correctional Facility in Kearney, New Jersey, he was arrested by Hudson County officials for aggravated assault on a fellow inmate. (*Id.* at 4-5.)

Between 2004 to 2006, Hines was occasionally removed from primary state custody via a writ of habeas corpus *ad prosequendum* to answer to the federal charges. (*Id.* at 5; Doc. 9-1 at 10-11, Attach. 2.) On April 26, 2006, the United States Marshals Service ("USMS") took Hines from the primary custody of New Jersey for sentencing in the United States District Court for the District of New Jersey. (Doc. 9-1 at 5.) Hines was sentenced in that court to a term of imprisonment of 121 months for conspiracy to distribute more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841 and 846. (*Id.*; Doc. 9-1 at 16-20, Attach. 4.) The judgment of sentence was silent regarding its relationship to any future state cases. (Doc. 9-1 at 5; Doc. 9-1 at 16-17.) Further, he was returned to primary state custody that same day. (Doc. 9-1 at 11.)

On August 21, 2006, Hines was sentenced in the Hudson County Superior Court to a term of imprisonment of five years for the aggravated assault charge. (*Id.* at 5; Doc. 9-1 at 13-4, Attach. 3.) Hines received credit towards his state sentence for time served from October 24, 2003 to April 26, 2006. (Doc. 9-1 at 5; Doc. 9-1 at 13.)

On May 14, 2008, Hines was paroled from his New Jersey state sentence. (Doc. 9-1 at 5.) On that date, state officials relinquished primary custody of Hines

2

to federal authorities and the USMS took him into custody pursuant to a federal detainer to begin serving his federal sentence. (*Id.*; Doc. 9-1 at 24-25, Attach. 6.) After it assumed primary custody of Hines, the BOP calculated his federal sentence. Hines's 121-month federal sentence was computed as commencing on May 14, 2008, the date he was released from his state sentence and taken into primary federal custody. (Doc. 9-1 at 5; Doc. 9-1 at 25.) The BOP concluded that Hines could not receive credit toward his federal sentence for the period from October 2003 through April 2006 because that time had already been credited toward his New Jersey state sentence. (Doc. 9-1 at 5-6.) Thus, Hines's projected release date is May 6, 2017, via good conduct time release. (*Id.* at 6; Doc. 9-1 at 25.)

On September 23, 2008, Hines wrote to the New Jersey District Court asking the court to provide him with documentation that would enable him to receive credit against his federal sentence for time served on his state sentence. *See United States v. Hines*, No. 2:04-CR-00756 (D. N.J.), (Doc. 20). Thereafter, the BOP reviewed Hines for retroactive designation which would have caused his federal sentence to run concurrent with his 5-year state sentence. (Doc. 9-1 at 6.) The BOP found that Hines's federal judgment of sentence was silent on whether the federal sentence should run consecutively or concurrently to the yet to be imposed state sentence. (*Id.*) Nevertheless, on March 12, 2010, the BOP sent a letter to the New Jersey District Court inquiring as to the court's position on a

3

retroactive designation. (*Id.*) The BOP never received a response to that letter. (*Id.*) Accordingly, on May 26, 2010, the BOP denied the retroactive designation after a review of the relevant five factors for doing so in 18 U.S.C. § 3621(b). (*Id.*)

Thereafter, Hines wrote to the New Jersey District Court on several occasions to seek "a sentencing adjustment pursuant to 18 U.S.C. §§ 3584, 3582(a) and U.S.S.G. § 5g13(b) and (s)" for a retroactive concurrent designation including the time period claimed in the instant petition. *See United States v. Hines*, No. 2:04-CR-00756 (D. N.J.), (Docs. 22-26). In response, the New Jersey District Court directed the government to respond to Hines's requests. *See id.*, (Doc. 27). The government opposed Hines's request. *See id.*, (Doc. 29). On February 10, 2011, the New Jersey District Court denied Hines's request for a sentence adjustment. *See id.*, (Doc. 31).

Hines filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 13, 2011. (Doc. 1.) On December 20, 2011, an order to show cause was issued, directing the Respondent to file an answer to the petition. (Doc. 6.) After being granted an extension of time to respond, (*see* Doc. 8), Respondent filed an answer on January 13, 2012, (Doc. 9). Hines filed a traverse on February 3, 2012. (Doc. 10.) This matter is now ripe for disposition.

## II. <u>Discussion</u>

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, *see Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Hines has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP. *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 331–32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96. Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus

*ad prosequendum. Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers*, 920 F. Supp. at 622. This is because the state, not the federal government, remains the primary custodian in those circumstances. The jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

Further, with respect to the commencement of the federal sentence, under 18 U.S.C. § 3584(a),

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). Thus, in accordance with applicable law, because Hines's multiple terms of imprisonment were imposed at different times, the BOP correctly determined that his sentences run consecutively, and Hines's federal sentence commenced on May 14, 2008, the day the state relinquished him from primary custody and he was received into federal custody. (Doc. 9-1 at 5; Doc. 9-1 at 24-

25, Attach. 6.)

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id.* Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See also Chambers*, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

In the instant petition, Hines seeks prior custody credit toward his federal sentence from October 24, 2003 through April 26, 2006, or the time he spent in primary custody of state authorities, but with periods of secondary custody of federal authorities under a writ of habeas corpus *ad prosequendum*. However, this claim is without merit. As set forth in *Ruggiano*, "time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward [a] state sentence, not [a]

federal sentence." *Ruggiano*, 307 F.3d at 125 n.1. Here, state authorities maintained primary custody of Hines while he was in the secondary custody of federal authorities. That time spent in secondary federal custody was credited toward his state sentence. Thus, under 28 U.S.C. § 3585(b), applicable to Hines's federal sentence, he was not entitled to receive this credit toward his federal sentence because that time was already credited against his state sentence. Thus, the BOP did not err in its calculation of Hines's federal sentence.

### III. Conclusion

For the reasons set forth herein, the court will deny Hines's petition for writ of habeas corpus.

An appropriate order will issue.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 19, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DYSHAWN HINES,** | : | **CIVIL NO. 1:CV-11-02306** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **H.L. HUFFORD,** | : | |
| Respondent | : | |

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED.**

2) The Clerk of Court is directed to **CLOSE** this case.

April 19, 2012

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge